## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KELIA CRUZ,**

    **Plaintiff,**

**v.**     **CASE NO.:**

**AMAZON.COM SERVICES, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kelia Cruz, by and through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, Amazon.com Services, LLC, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e *et seq*.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant operates the warehouse where Plaintiff was employed, in Seffner (Hillsborough County), Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

## FACTS

11. Plaintiff is a Hispanic female.

12. Plaintiff was hired by Defendant in May 2016 as a Packer. At the time of termination, Plaintiff held the position of Yard Marshall.

13. Plaintiff was discriminated against by Defendant because she was a Hispanic female. Non-Hispanic and male employees received preferential treatment from Defendant.

14. Defendant would give Plaintiff more difficult or lower-level assignments than the non-Hispanic employees.

15. Plaintiff was made to multiple work hours straight without a restroom break or lunch break. Plaintiff was not sent relief, even after it being requested therefore, she had to continue working to ensure that she completed her assignments timely.

16. Plaintiff was assigned up to ten (10) trucks per day that she had to unload by herself. Plaintiff requested assistance from Defendant's Team Lead, Kasey, but no one was sent to help plaintiff.

17. Plaintiff made complaints to Defendant's Discrimination HR hotline and via the "Chime" chat. No remedial action was taken by Defendant.

18. Plaintiff requested a meeting with HR and requested that a Spanish Speaking representative be present. Spanish is Plaintiff's primary language. Defendant refused to provide a Spanish speaking representative and Plaintiff was forced to participate in the HR investigation with limited English proficiency.

19. After Plaintiff complained to Defendant Human Resources Department about the discrimination that she was suffering at work, Defendant took no remedial action.

20. On or about June 24, 2021, about twenty-five (25) trailers were received at the warehouse, thirteen (13) of which Plaintiff was responsible for unloading.

21. One of the trucks received was parked incorrectly, which presented a safety issue. Plaintiff filled out the paperwork for the incident and notified the Team Lead, Kasey of the issue and to double check the paperwork to confirm that it was filled out correctly. Kasey assured Plaintiff that he would take care of the issue and asked her to continue working.

22. On or about July 3, 2021, Defendant terminated Plaintiff's employment because of Plaintiff's national origin and her sex. Plaintiff's termination was in retaliation for Plaintiff complaining about the discriminatory treatment she was receiving.

23. Defendant is alleging that the termination was based on Plaintiff incorrectly handling the safety issue with the truck on June 24, 2021. Specifically, that Plaintiff did not correctly fill out the paperwork for the incident.

24. Several other non-Hispanic employees have also not filled out this same paperwork incorrectly, and they were not terminated.

25. Heidi and Kasey, (non-Hispanic employees) were given warnings and additional training for the same safety infraction, yet Plaintiff was terminated.

26. Defendant discriminated against Plaintiff due to her national origin and sex, failed to take remedial action when Plaintiff complained about the discrimination, and retaliated against her after she engaged in protected activity.

## COUNT I – TITLE VII VIOLATION
### (DISCRIMINATION)

27. Plaintiff realleges and readopts the allegations of paragraphs 1-10 and 11-19 of this Complaint, as though fully set forth herein.

28. Plaintiff is a member of a protected class under Title VII.

29. Plaintiff was subjected to disparate treatment on the basis of her national origin and sex, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against her by terminating her after she engaged in protected activity

30. Defendant's actions were willful and done with malice.

31. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

5

    g)    Punitive damages;

    h)    Prejudgment interest on all monetary recovery obtained.

    i)    All costs and attorney's fees incurred in prosecuting these claims; and

    j)    For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII RETALIATION

32. Plaintiff realleges and readopts the allegations of paragraphs 1-10 and 20-26 of this Complaint, as though fully set forth herein.

33. Plaintiff is a member of a protected class under Title VII.

34. Plaintiff exercised or attempted to exercise her rights under Title VII by reporting the discrimination to Human Resources, thereby engaging in protected activity under Title VII.

35. Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against her by terminating her after she engaged in protected activity

36. Defendant's actions were willful and done with malice.

37. In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

38. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

### COUNT III – FCRA VIOLATION
### (DISCRIMINATION)

39. Plaintiff realleges and readopts the allegations of paragraphs 1-10 and 11-19 of this Complaint, as though fully set forth herein.

40. Plaintiff is a member of a protected class under the FCRA.

41. Plaintiff was subjected to disparate treatment on the basis of her national origin and sex, by Defendant. Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against her by terminating her after she engaged in protected activity.

42. Defendant's actions were willful and done with malice.

43. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

k) A jury trial on all issues so triable;

l) That process issue and that this Court take jurisdiction over the case;

m) An injunction restraining continued violation of the FCRA by Defendant;

n) Compensation for lost wages, benefits, and other remuneration;

o) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

p) Any other compensatory damages, including emotional distress, allowable at law;

q)   Punitive damages;

r)   Prejudgment interest on all monetary recovery obtained.

s)   All costs and attorney's fees incurred in prosecuting these claims; and

t)   For such further relief as this Court deems just and equitable.

### COUNT IV – FCRA RETALIATION

44. Plaintiff realleges and readopts the allegations of paragraphs 1-10 and 20-26 of this Complaint, as though fully set forth herein.

45. Plaintiff is a member of a protected class under the FCRA.

46. Plaintiff exercised or attempted to exercise her rights under the FCRA by reporting the discrimination to Human Resources, thereby engaging in protected activity under the FCRA.

47. Defendant retaliated against Plaintiff for engaging in protected activity under FRCA by terminating her employment.

48. Defendant's actions were willful and done with malice.

49. In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

50. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

m)   A jury trial on all issues so triable;

n) That process issue and that this Court take jurisdiction over the case;

o) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under the FCRA;

p) That this Court enter an injunction restraining continued violation of the FCRA Defendant;

q) Compensation for lost wages, benefits, and other remuneration;

r) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

s) Front pay;

t) Any other compensatory damages, including emotional distress, allowable at law;

u) Punitive damages;

v) Prejudgment interest on all monetary recovery obtained.

w) All costs and attorney's fees incurred in prosecuting these claims; and

x) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 31st day of January 2023.

>Respectfully submitted,
>
>*/s/ Brandon J. Hill*
>**BRANDON J. HILL**
>Florida Bar Number: 0037061
>Direct Dial: 813-337-7992
>**AFRICA F. ALTIDOR**
>Florida Bar Number: 0124595
>**WENZEL FENTON CABASSA, P.A.**
>1110 N. Florida Avenue, Suite 300
>Tampa, Florida 33602
>Main Number: 813-224-0431
>Facsimile: 813-229-8712
>Email: bhill@wfclaw.com
>Email: aaltidor@wfclaw.com
>Email: aketelsen@wfclaw.com
>**Attorneys for Plaintiff**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 31st day of January 2023, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to:

>*/s/ Brandon J. Hill*
>**BRANDON J. HILL**